

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GALE C. ZIKIS, individually )
and as administrator of the Estate of )
Donald R. Zikis, deceased, )
)
               Plaintiff, )
)
v. )   No. 04 C 8104
)
PFIZER, INC., a Delaware corporation, )
)
               Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Pfizer, Inc.'s ("Pfizer") motion to certify an interlocutory appeal. For the reasons stated below, we deny the motion.

## BACKGROUND

Plaintiff Gale C. Zikis ("Zikis") brought the instant action on behalf of herself and on behalf of the estate of her deceased husband Donald R. Zikis. Zikis alleges that on December 16, 2002, Donald R. Zikis died as a result of taking the prescription drug Zoloft. Zikis alleges that Pfizer has known about serious side effects associated with Zoloft for a long time, but has only recently begun to inform physicians and consumers about the side effects. Zikis' complaint includes a

1

negligence claim (Count I), a strict liability claim (Count II), a breach of implied warranty claim (Count III), a breach of express warranty claim (Count IV), and a fraud claim (Count V). Prior to the start of discovery in the instant action, Pfizer filed a motion for summary judgment in which it argued that the state claims set forth in Zikis' complaint are "preempted by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and its implementing regulations." (Def.'s Mot. Summary J. 1). We subsequently denied Pfizer's motion for summary judgment and concluded that we could not find that Zikis' state claims were preempted by federal law. Pfizer, pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), has now filed a motion to certify an interlocutory appeal of this court's denial of Pfizer's motion for summary judgment.

## LEGAL STANDARD

The provisions set forth in Section 1292(b) state, in part, the following:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

## DISCUSSION

Pfizer argues that the court should certify, pursuant to Section 1292(b), an interlocutory appeal of the court's denial of Pfizer's motion for summary judgment. (Def.'s Mot. 2). Zikis contends that certification of Pfizer's appeal is not appropriate under Section 1292(b). (Pl.'s Response 1-2). In order for a district court to certify an interlocutory appeal pursuant to Section 1292(b), "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *See Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000)(stating that "[u]nless *all* these criteria are satisfied, the district court may not and should not certify" the appeal pursuant to Section 1292(b))(emphasis in the original). An issue is contestable, for purposes of Section 1292(b), if a "there is substantial ground for difference of opinion" with respect to the issue. 28 U.S.C. § 1292(b); *see also Ahrenholz*, 219 F.3d at 675.

In the instant action, three of the four criteria required to certify Pfizer's appeal pursuant to Section 1292(b) appear to be satisfied. Specifically, the question of whether the state claims set forth in Zikis' complaint are preempted by federal law is a "question of law" for purposes of a Section 1292(b) appeal. *Ahrenholz*, 219 F.3d at 675-76. Further, the issue of federal preemption is "indeed a *controlling* issue" and an issue which, if resolved, could potentially expedite the instant action by "head[ing] off protracted, costly litigation." *Id.* at 675-77(emphasis in the original).

3

Pfizer argues that the remaining requirement of Section 1292(b) is also satisfied since "there is substantial ground for difference of opinion" with respect to the question of whether the state claims set forth in Zikis' complaint are preempted by federal law. 28 U.S.C. § 1292(b). Specifically, Pfizer cites to a government *Amicus* brief and the opinions of two United States District Courts, namely *Dusek v. Pfizer Inc.*, 2004 WL 2191804, at *1 (S.D.Tex.2004) and *Needleman v. Pfizer Inc.*, 2004 WL 1773697, at *1 (N.D.Tex.2004). (Def.'s Mot. 5-6; Ex. D). The court notes that the *Amicus* brief cited by Pfizer, which was filed by the government over two years ago in another unrelated case, contains nothing more than legal arguments by counsel. (Def.'s Ex.'s D). Further, while the *Dusek* and *Needleman* opinions may be different from our summary judgment decision, such opinions, from district courts outside of the Seventh Circuit, do not constitute grounds so substantial to warrant the certification of a Section 1292(b) appeal. *See Shepherd Investments Intern., Ltd. v. Verizon Communications, Inc.*, 2005 WL 1475323, at *2 (E.D.Wis. 2005)(stating that in order "[t]o satisfy this requirement, it is not enough that there be a difference of opinion, there must be a substantial ground for such difference."). In the instant action, there is not sufficient justification for the court to conclude that there is a "*substantial* ground for difference of opinion" with respect to the question of whether the state claims set forth in Zikis' complaint are preempted by federal law. Accordingly, the requirement that the certified issue be "contestable" for purposes of Section 1292(b) is not satisfied. *Ahrenholz*, 219 F.3d at 675-76(quoting

28 U.S.C. § 1292(b)(emphasis added). Therefore, we deny Pfizer's motion to certify an interlocutory appeal.

## CONCLUSION

Based on the foregoing analysis, we deny Pfizer's motion to certify an interlocutory appeal.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 8, 2005